UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| CAMILLE D. SHAVER,<br><br>  Plaintiff,<br><br>vs.<br><br>IDAHO POWER COMPANY,<br><br>  Defendant. | Civil No. 1:11-cv-00449-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO EXTEND FACT DISCOVERY DEADLINE**<br><br>**(Docket No. 42)** |

  Now pending before the Court is Plaintiff's Motion to Extend Fact Discovery Deadline (Docket No. 42). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. DISCUSSION

  Arguing that there are simply not enough hours in the day to accomplish all that is required in a busy attorney's work schedule, Plaintiff's counsel seeks to extend the June 15, 2012 factual discovery deadline to August 31, 2012 – no other deadlines are the subject of the instant Motion. Defendant opposes Plaintiff's efforts, arguing that Plaintiff has already had ample time to discover the facts.

  "When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Here, the Court's November 2, 2011 Case Management Order references a June 15, 2012 deadline to complete factual discovery; Plaintiff's Motion was filed on June 8,

**ORDER - 1**

2012, therefore the "good cause" standard applies. *See id*; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Idaho's good cause standard primarily considers the diligence of the party seeking an extension. *See* Def.'s Opp. to Pl.'s Mot. to Extend, p. 5 (Docket No. 47). According to Plaintiff's counsel, good cause exists to extend the factual discovery deadline because (1) for the past two months, he has been working on a case that went to trial in May 2012; (2) during that same time frame, Defendant produced a significant number of documents that still must be reviewed for completeness and, also, to identify additional discovery needs; (3) the compacted deposition schedule surrounding the existing June 15, 2012 factual discovery deadline prevents the completion of the above-referenced discovery issues; and (4) Defendant's discovery responses are allegedly incomplete and are the subject of a pending motion to compel. *See* Gabiola Aff. in Supp. of Mot. to Extend, ¶¶ 3-8 (Docket No. 42, Att. 1).

The Court finds that good cause exists to extend the factual discovery deadline from June 15, 2012 to August 31, 2012. While Defendant presents legitimate reasons for maintaining the existing factual discovery deadline (*see* Def.'s Opp. to Pl.'s Mot. to Extend, pp. 6-11 (Docket No. 47)), those reasons do not also compel a finding that Plaintiff's counsel was not diligent in meeting the June 15, 2012 deadline – particularly when understanding the nature of a busy litigation practice with many cases proceeding simultaneously along separate scheduling tracks. While it is possible that Plaintiff's counsel could have better allocated his time toward completing discovery, this is not a case where counsel puts forward nothing to justify the uncompleted effort, or waited inattentively until the last minute to conduct discovery to support his client's claims. Moreover, the fact that no other deadlines (namely, expert discovery and

**ORDER - 2**

disclosure deadlines) will be impacted by extending the factual discovery deadline favors the granting of Plaintiff's Motion under these limited circumstances. Therefore, the factual discovery deadline is extended from June 15, 2012 to August 31, 2012.

## II.  ORDER

For the foregoing reasons, Plaintiff's Motion to Extend Fact Discovery Deadline (Docket No. 42) is GRANTED. The factual discovery deadline is extended from June 15, 2012 to August 31, 2012.



DATED:  **June 15, 2012**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER - 3**